**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

Gilbert L. Roden,

Plaintiff,

v.

Nationwide Recovery Service, Inc.

Defendants.

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action seeks redress for the unlawful and deceptive practices committed by the Defendant in connection with its efforts to collect a debt. Defendant's conduct involves the making of false and misleading statements to the Plaintiff or others, and mischaracterizing the debt. Plaintiff seeks monetary relief based on Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*

## PARTIES

1. Plaintiff, Gilbert L. Roden, is natural person who resides in Gordon County, Georgia.
2. Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant, Nationwide Recovery Service, Inc. (hereinafter "Nationwide") does business in Georgia.

4. Defendant holds itself out as having operating facilities located across the United States for purposes of collections and recovery of debts owed to other organizations for healthcare.

5. Defendant uses interstate commerce or mail in business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

6. Because this case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28

U.S.C. § 1391.

## FACTUAL ALLEGATIONS

8. On November 25, 2014, Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 14-42910.

9. Plaintiff scheduled a medical debt being collected by Defendant in his bankruptcy.

10. Upon filing for bankruptcy, the automatic stay of 11 U.S. Code § 362 went into effect, prohibiting Defendant from the commencement or continuation of collection activities against Plaintiff.

11. In conjunction with his Chapter 13 bankruptcy, Plaintiff proposed a Plan that specifically altered and thereafter defined the relationship and contractual rights and obligations of both the Plaintiff and Defendant regarding the debt being collected by Defendant. This Plan was served upon Defendant and subsequently confirmed by Order of the Bankruptcy Court on February 25, 2015.

12. As Plaintiff has no business or commercial debts, and the debt being collected by Defendant was for personal medical services, the debt is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. On or about December 28, 2015, Plaintiff obtained a copy of his consumer report as published by Experian Information Solutions ("Experian"). A true and correct copy of the relevant portions of that report is attached hereto as "EXHIBIT A."

14. That report contained False and misleading information as provided and reported by Defendant. Specifically, Defendant reported that the medical debt that was included in Plaintiff's bankruptcy was in active collection status and had a past due balance of $883 as of July, 2015.

15. Defendant has not, during the pendency of the Plaintiff's bankruptcy case, obtained relief from the automatic stay for the purpose of continuing collection efforts by reporting post-filing derogatory collection information.

16. Notwithstanding the effect of the automatic stay, Defendant reported to Experian that the medical debt that was included in Plaintiff's bankruptcy was in active collection status and had a past due balance of $883 as of July, 2015.

17. As the debt is included in Plaintiff's bankruptcy, and Defendant was and is prohibited from commencing or continuing collection activities against Plaintiff, these statements were false and misleading.

18. Further, Defendant's reporting of the debt in this manner did not comply with

industry guidelines and standards published by the Consumer Data Industry Association.

19. Upon information and belief, Defendant took other actions in furtherance of its attempts to collect the subject debt from Plaintiff.

20. Defendant made its false and misleading statements to Experian in furtherance of Defendant's efforts to collect the debt.

21. At all times relevant hereto, Defendant's actions and/or omissions were in furtherance of its efforts to collect a debt from Plaintiff.

22. As a result of Defendant's actions and omissions, Plaintiff is eligible for statutory damages.

23. Also as a result of Defendant's actions and omissions, Plaintiff has suffered actual damages. Those damages include, without limitation, out-of-pocket expenses in challenging the Defendant's wrongful representations, and emotional distress.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. The allegations of paragraphs 1-22 above are realleged and incorporated herein by reference.

26. Defendant's actions in connection with its attempts to collect the alleged debt violated the FDCPA, including without limitation 15 U.S.C. § 1692e.

27. As a result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include, without limitation, out-of-pocket expenses in challenging the Defendant's wrongful representations, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

28. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT II

## VIOLATION OF THE BANKRUPTCY AUTOMATIC STAY

29. The allegations of paragraphs 1-22 above are realleged and incorporated herein by reference.

30. Defendant's actions in connection with its attempts to collect the alleged debt violated the Automatic Stay of 11 U.S. Code § 362.

31. Defendant willfully violated 11 U.S.C. § 362 by attempting to collect a debt included in bankruptcy by reporting post-filing derogatory collection information, including that there was still a balance in active collection.

32. Defendant's actions and omissions were willful, rendering it liable for civil contempt sanctions.

**WHEREFORE, Plaintiff prays that judgment be entered against this Defendant for:**

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k;

d.) Civil Contempt damages and penalties in an amount sufficient to affirm the integrity of the Orders of the Bankruptcy Court, the importance of guaranteeing the Plaintiff the "Fresh Start" he is entitled to upon discharge, and to deter future similar conduct on the part of the Defendant; and

e.) Such other and further relief as may be just and proper.

Respectfully submitted this 10th day of April, 2016.

*/s/ Paul J. Sieg*

Paul J. Sieg, Bar No.: 334182
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com
matt@mattberry.com
*Plaintiff's Attorneys*